ON REMAND FROM THE SUPREME COURT OF FLORIDA

DAVIS, Judge.
R.J.H. appeals the court’s adjudication of delinquency for violating Tampa’s juvenile curfew ordinance. See Tampa, Fla. Code § 14-26(c) (1996). He argues that the ordinance is unconstitutional. This court previously rejected his argument and affirmed the trial court’s determination that the ordinance was constitutional. See R.J.H. v. State, 779 So.2d 391 (Fla. 2d DCA 2000), quashed, 788 So.2d 952 (Fla.2001). In affirming the trial court, this court applied the heightened scrutiny test. See State v. T.M., 761 So.2d 1140 (Fla. 2d DCA 2000), quashed, 784 So.2d 442 (Fla.2001). However, this court also certified two questions to the Florida Supreme Court as being of great public importance:
*118 WHAT LEVEL OF SCRUTINY MUST A COURT APPLY WHEN REVIEWING THE CONSTITUTIONALITY OF A JUVENILE CURFEW ORDINANCE?
WHETHER THE TAMPA JUVENILE CURFEW ORDINANCE IS CONSTITUTIONAL?
Upon review, the Florida Supreme Court answered the first question by directing that the proper test for determining the constitutionality of a juvenile curfew ordinance is strict scrutiny. Accordingly, without answering the second question, the supreme court remanded this matter back to this court for application of the strict scrutiny test. See R.J.H. v. State, 788 So.2d 952 (Fla.2001).
For the reasons stated in J.P. v. State, 832 So.2d 110 (Fla. 2d DCA 2002), we find that the Tampa ordinance is unconstitutional and reverse the adjudication of delinquency. However, we again certify to the Florida Supreme Court the following question to be of great public importance:
WHETHER THE TAMPA JUVENILE CURFEW ORDINANCE IS CONSTITUTIONAL?
Reversed.
CASANUEVA, J., Concurs.
NORTHCUTT, J., Concurs specially.